# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NEVES, JR., ) | 1:10-CV-00239 SMS HC |
| Petitioner, ) | |
| ) | ORDER DENYING REQUEST FOR LEAVE |
| v. ) | TO FILE UNTIMELY TRAVERSE |
| ) | |
| MATTHEW CATE, Secretary, ) | [Doc. #13] |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is represented in this action by Roger T. Nuttall, Esq.

Pending before this Court is Petitioner's request for leave to file an untimely Traverse.  On April 22, 2010, the Court issued a scheduling order which directed Respondent to file a response to the Petition within sixty (60) days.  According to the Court's order, any Traverse to an Answer filed by Respondent was due thirty (30) days from the date the Answer was filed.  (See Rule 5(e), Rules Governing Section 2254 Cases.)  Respondent filed an Answer on June 17, 2010.  Therefore, a Traverse was due on or before July 20, 2010.  The deadline passed and a Traverse was not filed.

On November 2, 2010, Petitioner filed the instant request for an order permitting the late filing of a Traverse.  Respondent has no position on the issue.  Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that the Court may extend the time for Petitioner to act after a deadline

has expired if he demonstrates excusable neglect.[1]  In this case, Counsel for Petitioner states the failure to timely file a Traverse was due to a "breakdown within counsel's office as related to receipt and review of Respondent's Answer." (See Pet'r's Req. for Order.)  Counsel states he was not made aware of the filing of the Answer until a secretary in his office informed him on November 1, 2010, that said filing occurred on June 17, 2010, and the deadline for a Traverse was July 20, 2010.  Counsel states he was informed by the Court Clerk that the Answer was served on his office's PACER account on June 17, 2010.  Counsel states he is unable to explain why he did not receive notification of the Answer's filing on June 17, 2010.

     The Court does not find excusable neglect in this matter.  It appears that the system of delivery functioned properly as stated by the Court Clerk and that any problems occurred on Petitioner's end.  Generally, this may be considered excusable neglect as such things do happen, and the Court has granted extensions of one to two weeks in the past where the party has shown reasonable diligence.  However, the amount of time that passed for Petitioner to discover the problem and act in this case is inexcusable.  This is not a situation where Petitioner is proceeding pro se.  Petitioner is represented by counsel.  In this case, the deadline for filing an Answer was set for June 24, 2010.  Therefore, even if Petitioner had not received a copy of the Answer, he should have known that a Traverse would be due at the latest on July 26, 2010, barring any motion for extension of time.  Nevertheless, he failed to realize the deadline had been missed until over three months had passed.  He offers no explanation for this delay.  This is not a case of excusable neglect.

     Accordingly, Petitioner's request for leave to file an untimely traverse is DENIED.

IT IS SO ORDERED.

**Dated:   November 10, 2010**              /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." (See Rule 12, Rules Governing Section 2254 Cases.)